# EXHIBIT "A"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-------------------------------------------------------------------X
**MICHAEL BISONO**,

                        Plaintiff,

        -against-

**WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK and SIDIKOU TAHIROU,**

                       Defendants.
-------------------------------------------------------------------X

FILED:
INDEX NO:

**SUMMONS**

Plaintiff designates
Bronx County as
the place of trial.

The basis of venue is:
Situs of Occurrence

**TO THE ABOVE-NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
          August 24, 2022

The nature of this action is for injuries sustained as a result of the defendant's negligence. The relief sought is monetary damages.

                                                                  **LIAKAS LAW, P.C.**

                                                                   /s/
                                                             _____
                                                     BY: Dean N. Liakas, ESQ.
                                                    *Attorney for Plaintiff*
                                                    40 Wall Street, 50th Floor
                                                    New York, New York 10005
                                                    (212) 937-7765

**Failure to respond, a judgment will be against you, by default and interest from April 9, 2022.**

**Defendants' Addresses:**
**WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK**
C/O ROLAND M. LOWELL
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209
-and-
C/O NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY STREET
NEW YORK, NEW YORK 10005

**SIDIKOU TAHIROU**
1 SINCLAIR ROAD
HAMPTON, VA 23669

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-------------------------------------------------------------------X
**MICHAEL BISONO,**

              Plaintiff,

       -against-

**WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK and SIDIKOU TAHIROU,**

              Defendants.
-------------------------------------------------------------------X

FILED:
INDEX NO:

**VERIFIED COMPLAINT**

       Plaintiff, by his attorneys, **LIAKAS LAW, P.C.**, as and for this Verified Complaint, respectfully allege, upon information and belief:

1. That Plaintiff, **MICHAEL BISONO**, at all times herein mentioned, was a resident of the County of Bronx, City and State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was a company organized and existing under and by virtue of the laws of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** maintained a principal place of business in the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

5. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was and still

is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** conducted and carried on business in the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** transacted business within the State of New York.

8. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** expected or should have reasonably expected its acts to have consequences in the County of Bronx, City and State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.** was and still is a foreign corporation authorized to do business in the State of New York under the fictious and/or business name of **WESTERN EXPRESS OF NEW YORK**.

12. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.** conducted and carried on business in the State of New York under the fictious and/or business name of **WESTERN EXPRESS OF NEW YORK.**

13. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.** transacted business within the State of New York under the fictious and/or business name of **WESTERN EXPRESSS OF NEW YORK**.

14. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.** derived substantial revenue from goods used or consumed or services rendered in the State of New York while using and/or under the fictious and/or business name of **WESTERN EXPRESS OF NEW YORK**.

15. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.,** is also known as **WESTERN EXPRESS OF NEW YORK**.

16. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **WESTERN EXPRESS, INC.,** does business as **WESTERN EXPRESS OF NEW YORK**.

17. The Defendant, **SIDIKOU TAHROU**, at all times herein mentioned was and still is a resident of the State Virginia.

18. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was the owner of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

19. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was the lessee of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

20. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was the lessor of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

21. On or about April 9, 2022, the Defendant **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** was the operator of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

22. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** maintained a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

23. On or about April 9, 2022, the Defendant**, WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

24. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** operated, maintained and controlled a certain motor vehicle with license plate K4005HY, as issued by the Tennessee.

25. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** operated, maintained and/or controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee, with the knowledge, permission and consent of its owner.

26. On or about April 9, 2022, the Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK** operated, maintained and/or controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee, with the knowledge, permission and consent of its owner, **SIDIKOU TAHIROU**.

27. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU**, was the owner of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

28. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU**, was the lessee of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

29. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU**, was the lessor of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

30. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** was the operator of a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

31. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** maintained a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

32. On or about April 9, 2022, the Defendant**, SIDIKOU TAHIROU,** controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee.

33. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** operated, maintained and controlled a certain motor vehicle with license plate K4005HY, as issued by the Tennessee.

34. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** operated, maintained and/or controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee, with the knowledge, permission and consent of its owner.

35. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** operated, maintained and/or controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee, with the knowledge, permission and consent of its owner, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK**.

36. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** was employed by Defendant, **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK**.

37. On or about April 9, 2022, the Defendant, **SIDIKOU TAHIROU,** operated, maintained and/or controlled a certain motor vehicle with license plate number K4005HY, as issued by the Tennessee, with the knowledge, permission and consent of its owner **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK,** within the scope of his employment.

38. That at all times herein mentioned, the roadways known as Westchester Avenue and White Plains Road, in the County of Bronx, City and State of New York, were and still are public roadways and/or thoroughfares used extensively by the public in general.

39. That on April 9, 2022, the Plaintiff **MICHAEL BISONO** was the operator of a certain motor vehicle bearing license plate number KLT4370, as issued by the State of New York.

40. That on April 9, 2022, the Plaintiff **MICHAEL BISONO** was the operator of a certain motor vehicle bearing license plate number KLT4370, as issued by the State of New York at the above-mentioned location.

41. On or about April 9, 2022, at the aforesaid location, the motor vehicle driven by Defendant **SIDIKOU TAHIROU** came into contact with the motor vehicle operated by Plaintiff **MICHAEL BISONO**.

42. That at the time of the contact between the motor vehicles Plaintiff **MICHAEL BISONO's** motor vehicle was stopped and not in motion.

43. That as a result of the accident Plaintiff **MICHAEL BISONO** sustained injuries.

44. That at the time of the accident, the vehicle operated by Defendant, **SIDIKOU TAHIROU,** was equipped with a video camera that recorded the happening of the accident.

45. That the Defendants **SIDIKOU TAHIROU** and/or **WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK,** are still in possession of the video recorded from the video camera that day.

46. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as the result of the careless and negligent manner in which the Defendants owned, operated, maintained and/or controlled their motor vehicle, without Plaintiff contributing in any way thereto.

47. That by reason of the foregoing and the negligence of the Defendants, the Plaintiff **MICHAEL BISONO** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

48. That by reason of the foregoing, the Plaintiff **MICHAEL BISONO** was compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefor for medicines and upon information and belief, the Plaintiff **MICHAEL BISONO** will necessarily incur similar expenses.

49. That by reason of the foregoing, the Plaintiff **MICHAEL BISONO** has been unable to attend to her usual occupation in the manner required.

50. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff **MICHAEL BISONO** sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and have sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

51. That one or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

52. That pursuant to CPLR Section 1602(2) (iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

53. That pursuant to CPLR Section 1602(7) Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

54. That pursuant to CPLR Section 1602(6), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants use, ownership or operation of a motor vehicle.

55. That pursuant to CPLR Section 1602(2) (iv), the Defendant owners are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of the defendant operator of said vehicle.

56. That by reason of the foregoing, the Plaintiff **MICHAEL BISONO** was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which

would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

57. That by reason of the foregoing, the Plaintiff **MICHAEL BISONO** was damaged in an amount exceeding seventy-five thousand dollars.

FILED: BRONX COUNTY CLERK 08/24/2022 08:39 AM
NYSCEF DOC. NO. 1
INDEX NO. 812458/2022E
RECEIVED NYSCEF: 08/24/2022

Case 1:22-cv-07639-LJL   Document 1-1   Filed 09/08/22   Page 13 of 15

**WHEREFORE**, Plaintiff demands that the following judgments in favor of the Plaintiff, **MICHAEL BISONO**, awarding damages against the defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident.

Dated:  New York, New York
          August 24, 2022

**LIAKAS LAW, P.C.**

/s/
_____
BY: Dean N. Liakas, ESQ.
*Attorney for Plaintiff*
40 Wall Street, 50th Floor
New York, New York 10005
(212) 937-7765

STATE OF NEW YORK            )
                             ) ss
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.  The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices.  The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated:   New York, New York
         August 24, 2022

                                                      **LIAKAS LAW, P.C.**

                                                              /s/
                                                      _____
                                                      BY: Dean N. Liakas, ESQ.
                                                      *Attorney for Plaintiff*
                                                      40 Wall Street, 50th Floor
                                                      New York, New York 10005
                                                      (212) 937-7765

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
_____

**MICHAEL BISONO,**

                                         Plaintiff,

                                  -against-

**WESTERN EXPRESS, INC. d/b/a WESTERN EXPRESS OF NEW YORK and SIDIKOU TAHIROU,**

                                    Defendants.
_____

LIAKAS LAW, P.C.
40 Wall Street, 50th Floor
New York, New York 10005
212.937.7765
_____

**SUMMONS AND VERIFIED COMPLAINT**
_____

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

      DEAN N. LIAKAS, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

      I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
       August 24, 2022                                                                **/s/**

                                                                            _____
                                                                             Dean N. Liakas, Esq.
_____

                                PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at
_____